ReecI, J.
This suit was originally brought before a justice of the peace by appellee, to recover payment for hay alleged to have been sold and delivered to Nuckolls & Rohrer. A trial was had, resulting in a judgment for the plaintiff,—an appeal taken to the county court. A jury was waived and trial had to the court, resulting in a judgment for the plaintiff for $264.55 against appellant, (Rohrer not served,) from which an appeal was prosecuted to this court. • There was no controversy in regard to the delivery, quantity,' or price of the hay, the only question being as to the liability of appellant for the payment of the debt. The hay was sold and delivered in September, October and November, 1889. The farm to which the hay was hauled, and where used, previous to April, 1889, was the property of appellant; about that date it was sold and became the property of the “ Riverside Stock Farm Company.” S. F. Rohrer was president and manager. Appellant resided in the mountains, and was only occasionally at the farm. While he was the owner, a son, Marshall, it appears remained at the farm, a youth of twenty or twenty-one years, and acted as the agent of his father. He remained there after the sale. In the spring, it is shown, appellant, through the agency of the son, bought hay from appellee and for which payment was made. The testimony of appellee shows the son to have been the purchaser of the hay in question, without having designated for *429 whom, or who was to pay for it; that ■ appellee supposed it was for appellant, he knowing nothing of the change in ownership; that the hay, until a greater portion of it had been delivered, was charged to appellant, then, that he was informed by Ezra, a younger son, that Rohrer was connected with it, and that he would pay for it; that the bill was then charged to Nuckolls & Rohrer as partners; that payments were not made, and the delivery of the hay stopped; that the son, Marshall, said his father would pay for it, upon which assurance the balance was delivered.
The testimony was conflicting and unsatisfactory. Appellant could only be charged by reason of the former transactions through the agency of the son, and a want of knowledge on the part of appellee as to the change that had taken place; his liability cannot be predicated upon the promise of the younger Nuckolls, that his father would pay it. No agency, authority or power of the son was shown to bind- the father by a promise to pay.
It is undisputed, that before the delivery of all the hay, when about three fourths had been delivered, plaintiff was informed that, appellant was not the purchaser, or sole purchaser. He was sufficiently informed to put him upon inquiry as to who was the purchaser, and as to the authority of the son to bind the father by a promise to pay. If by reason of want of knowledge of the change, and resting upon the former course of dealing, appellant could be made liable, his liability could only extend to the time plaintiff was informed, or should have been put upon inquiry; and I cannot see, without an established agency of the son, how the defendant could have been held liable for hay delivered after that time. It is doubtful if evidence of former dealing and want of notice was sufficient to charge the defendant with any part of the bill, but we do not put the decision of the case upon that ground, but upon a new trial evidence upon these points should be more satisfactory and conclusive. It was clearly erroneous to embrace in the judgment that por *430 tion of the claim contracted after notice, without proof of agency of the son and authority to bind the father.
The judgment will be reversed and cause remandéd for a new trial.

Reversed.